UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARCEL STONER,

            Petitioner,            No. C 07-6385 PJH (PR)

  vs.                                  **ORDER OF DISMISSAL**

J. HARTLEY, Warden,

            Respondent.

                                        /

This is a habeas case filed pro se by a state prisoner. Petitioner claimed in the original petition that his sentence violated his Sixth Amendment rights as established in *Cunningham v. California*, 127 S. Ct. 856 (2007), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but because he did not provide any facts about what happened at sentencing, the petition was dismissed with leave to amend. Petitioner has amended.

In his amendment, petitioner says that on April 4, 2000, he pled guilty, pursuant to a plea bargain, to attempted murder with a gun enhancement. He says that he was sentenced to the upper term on the attempted murder charge. In *Cunningham*, the Supreme Court held that California's Determinate Sentencing Law violates a defendant's right to a jury trial to the extent that it contravenes "*Apprendi's* bright-line rule: Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt.'" *Id.* (quoting *Apprendi*, 530 U.S. at 490). When a case involves a plea bargain, as here, ordinarily there would be an issue whether there was a waiver, but in this case the sole claim in the petition is barred on another ground.

*Cunningham* applies retroactively on collateral review only to convictions that became final on direct review after the decision in *Blakely,* which was on June 24, 2004. *Butler v. Curry*, 528 F.3d 624, 639 (9th Cir. 2008). The conviction in this case was in 2000, and petitioner says that he did not appeal. Pet. at 3. That is confirmed by a review of the California appellate courts' website. Petitioner's conviction thus became final in 2000, well before the 2004 decision in *Blakely*, and the *Apprendi/Blakely/Cunningham* line of cases does not apply to him. The petition will be dismissed. *See Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) ("Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal.") (Schroeder, J., concurring).

**CONCLUSION**

The petition is **DISMISSED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 16, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.07\STONER6385.DSM.wpd